IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
*LUFKIN DIVISION*

| | | |
|---|---|---|
| **LACHANDA BROWN,** § | | |
| Plaintiff, § | | CA No. _____ |
| § | | |
| v. § | | |
| § | | JURY DEMANDED |
| **TH HEALTHCARE, LTD** § | | |
| **d/b/a NACOGDOCHES MEDICAL** § | | |
| **CENTER,** § | | |
| Defendant. § | | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, liquidated and actual/economic damages; and costs and attorney's fees for the claims suffered by Plaintiff, LACHANDA BROWN ("Plaintiff"), due to TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER (referred to herein as "Defendant" or "NMC") taking adverse employment action against her ultimately resulting in the wrongful termination of her employment as explained herein.

1.2 This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), the TCHRA, Section 21 of the Texas Labor Code, as amended, Section 1981, and Texas common law (tortious interference claim).

### 2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

2.2. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP.

2.3. Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1).

2.4. Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because at all times relevant to this cause of action, Defendant resides in this judicial district, maintaining its principal place of business.

## 4. PARTIES

4.1. Plaintiff is a former employee of Defendant and resides in Greenville, Mississippi. During the relevant time period, Plaintiff worked for Defendant in Nacogdoches, Texas.

4.2. Defendant TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER is a corporation incorporated under the laws of the State of Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## 5. STATEMENT OF FACTS

5.1 Plaintiff (African American) worked for NMC as a Registered Nurse (RN). Plaintiff worked at NMC February 2021 to March 30, 2021.

5.2 Plaintiff was hired through a staffing agency called American Mobile Health Care (AMN) and assigned to work at NMC. Mark Burgess, the NMC ICU Director was Plaintiff's direct

       supervisor.  If Plaintiff had an issue with her job functions or incidents that took place at NMC, she would inform both Mr. Burgess and the AMN representative(s).

5.3     Plaintiff would also discuss scheduling and job functions with NMC and discuss issues regarding pay with AMN.  Both AMN and NMC were involved in the terms and conditions of Plaintiff's employment.

5.4     On March 27, 2021, a co-worker of Plaintiff, Patricia Caraway (African American), was at work at NMC and began feeling very ill. She stated that she would need to go the emergency room and that she routinely had difficulty getting an IV started when visiting the emergency room.  She stated that for this reason, her ER visits were unpleasant, as she did not like having to be stuck multiple times with a needle to get an IV started. Plaintiff volunteered to start a saline lock for Ms. Caraway because of her experience as an infusion nurse.  Plaintiff assured Ms. Caraway that she could get the saline lock going on one try; which she did. Ms. Caraway then proceeded to the Emergency Room.

5.5     NMC erroneously reported to AMN that Plaintiff had given unauthorized medication through an IV, referring to the incident where she assisted Ms. Caraway with the saline lock on March 27, 2021.  This was completely false. Plaintiff never administered any medication to Ms. Caraway.  Plaintiff would never have jeopardized her employment or her nursing license in that way.

5.6     On March 30, 2021, Plaintiff was called by Annie Elliston, the Clinical Manager for AMN and told that NMC provided such erroneous information to them in an email, and for that reason, her employment was being terminated. Ms. Elliston read the statement that NMC provided to them which falsely stated Plaintiff administered medication through an IV inappropriately/without authorization.

5.7     Plaintiff is aware of another Caucasian nurse, Whitney Warrick, that got a saline lock started on her, and received unauthorized IV fluids through her IV. Ms. Warrick was not terminated.  Another Caucasian, twenty-one (21) year old tech, David Stephens, drew labs from a patient's PICC line. Only a registered Nurse is supposed to draw labs from a patient's PICC line. This incident was reported to hospital administration on more than one occasion. Mr. Stephens was not terminated.

5.8     During Plaintiff's tenure at NMC, Plaintiff did not have any disciplinary actions taken against her nor did she receive any negative counseling or performance reviews.

5.9     NMC has a progressive disciplinary policy.  This policy was not implemented in Plaintiff's case and instead she was just terminated.

5.10    The erroneous report NMC made to AMN and to the Texas Board of Nursing caused Plaintiff to lose her job and suffer damages as a result of the loss of income.  She also could have lost her nursing license or faced serious discipline (up to and including suspension of her license) if the Texas Board of Nursing (TBON) had not investigated NMC's false claim and found that no discipline was warranted.

5.11    Despite NMC's attempt to interfere with Plaintiff's livelihood by making the erroneous report to the TBON, she was not disciplined by the TBON after its investigation.  However, she suffered serious emotional distress because of this ordeal (in addition to economic damages).

## 6.     CONDITIONS PRECEDENT

6.1     All conditions precedent to jurisdiction have occurred or been complied with.

6.2     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.3   This lawsuit was filed within ninety (90) days of Plaintiff receiving her Notice of Right to Sue from the EEOC.

## 7.   CAUSES OF ACTION

### *Race Discrimination*
### *(Title VII, Section 1981 and the TCHRA/Texas Labor Code)*

7.1   Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

7.2   Plaintiff is a member of a protected class under Title VII based on her race (African American).

7.3   Plaintiff suffered adverse employment actions when her employment was terminated and when an erroneous report of misconduct was made to AMN and to the TBON by NMC.

7.4   Plaintiff was replaced by someone outside her protected class and/or was treated less favorably than similarly situated employees outside of her protected class.

7.5   Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII and the TCHRA in discriminating against her.

### *Retaliation*
### *(Title VII and the TCHRA/Texas Labor Code)*

7.6   Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

7.7   Plaintiff engaged in protected activity when she made internal complaints to Defendant about race discrimination and no remedial or corrective action was taken.

7.8   Plaintiff was terminated after engaging in protected activity.

7.9   Plaintiff suffered an adverse action causally related to her engaging in protected activity when her employment was terminated.

7.10  Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII and the TCHRA in wrongfully and discriminatorily terminating her employment.

### *Tortious Interference with Employment*

7.11  Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein;

7.12  There was existing contracts between Plaintiff and AMN as well as Plaintiff and the Board of Nursing, subject to interference;

7.13  There was a willful and intentional act of interference with such contracts;

7.14  Such interference proximately caused the Plaintiff's injury; and

7.15  Such interference caused actual damages and loss.

## 8.  PRAYER

8.1  WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    8.1.1  Award Plaintiff actual damages;

    8.1.2  Order Defendant to pay Plaintiff back pay and front pay and benefits;

    8.1.3  Award Plaintiff compensatory damages for mental anguish;

    8.1.4  Award Plaintiff punitive damages to be determined by the trier of fact;

    8.1.5  Grant Plaintiff pre-judgment and post-judgment interest;

    8.1.6  Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

    8.1.7  Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Tracey D. Lewis*
Tracey D. Lewis
State Bar No. 24090230
Jacques P. Leeds
State Bar No. 24092678
**LEEDS LAW FIRM, PLLC**
700 Milam Street, Suite 1300
Houston, TX 77002
Telephone: 713-492-2906
Facsimile: 832-787-1020
jacques@jleedslawfirm.com
tracey@jleedslawfirm.com
Attorneys for Plaintiff