IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LACHANDA BROWN, | § | |
|     Plaintiff, | § | |
| | § | |
|   v. | § | CA No. 9:23-cv-00014 |
| | § | |
| TH HEALTHCARE, LTD | § | |
| d/b/a NACOGDOCHES MEDICAL | § | |
| CENTER, | § | |
|     Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW TH Healthcare, LTD d/b/a Nacogdoches Medical Center ("NMC") and, subject to its Rule 12(b)(6) Motion to Dismiss, files its Answer and Defenses to Plaintiff's Original Complaint ("Complaint"). The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint to the extent possible. NMC denies each and every allegation set forth in Plaintiff's Complaint except as specifically admitted, qualified, explained, clarified, or otherwise pleaded below, and specifically answers as follows:

**1. [PLAINTIFF'S] PRELIMINARY STATEMENT**

1.1.  Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, liquidated and actual/economic damages; and costs and attorney's fees for the claims suffered by Plaintiff, LACHANDA BROWN ("Plaintiff"), due to TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER (referred to herein as "Defendant" or "NMC") taking adverse employment action against her ultimately resulting in the wrongful termination of her employment as explained herein.

**RESPONSE**: **NMC admits Plaintiff has made a jury demand. Defendant denies the remaining allegations in Paragraph 1.1 of the Complaint, including Plaintiff's**

**entitlement to any damages whatsoever.**

1.2     This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), the TCHRA, Section 21 of the Texas Labor Code, as amended, Section 1981, and Texas common law (tortious interference claim).

**RESPONSE: NMC admits Plaintiff alleges violation of Title VII, the TCHRA, Section 1981, and Texas common law, but NMC denies any violation of the law.**

## 2.   JURISDICTION

2.1.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

**RESPONSE: NMC admits that jurisdiction is proper in this Court.**

2.2.    Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP.

**RESPONSE: The allegations contained in Paragraph 2.2 are legal conclusions to which no response is required.  To the extent the Court requires a response, NMC denies Plaintiff's entitlement to recovery of attorneys' fees or costs.**

2.3.    Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1).

**RESPONSE: The allegations contained in Paragraph 2.3 are legal conclusions to which no response is required.  To the extent the Court requires a response, NMC denies Plaintiff's entitlement to recovery of compensatory damages.**

2.4.    Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1).

**RESPONSE: The allegations contained in Paragraph 2.4 are legal conclusions to which no response is required.  To the extent the Court requires a response, NMC**

denies Plaintiff's entitlement to recovery of punitive damages.

### 3.  VENUE

3.1.  Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because at all times relevant to this cause of action, Defendant resides in this judicial district, maintaining its principal place of business.

**RESPONSE:  Defendant admits venue is proper.**

### 4.  PARTIES

4.1.  Plaintiff is a former employee of Defendant and resides in Greenville, Mississippi. During the relevant time period, Plaintiff worked for Defendant in Nacogdoches, Texas.

**RESPONSE:  NMC denies that it ever employed Plaintiff.  NMC is without sufficient information to admit or deny the remaining allegations in Paragraph 4.1 of the Complaint, and therefore, denies the same.**

4.2.  Defendant TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER is a corporation incorporated under the laws of the State of Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**RESPONSE:  The first allegation in Paragraph 4.2 is a conclusion of law to which no response is required.  To the extent a response is required, NMC denies any employment relationship with Plaintiff.  NMC admits it is a domestic limited partnership and that it was served with process via its registered agent, CT Corporation System.  NMC denies all remaining allegations not specifically admitted.**

### 5.   [PLAINTIFF'S] STATEMENT OF FACTS

5.1   Plaintiff (African American) worked for NMC as a Registered Nurse (RN). Plaintiff
worked at NMC February 2021 to March 30, 2021.

**RESPONSE:   NMC admits that Plaintiff was assigned to work at NMC as a
Registered Nurse by her employer, AMN Healthcare, Inc. ("AMN"), pursuant to a
Managed Services Provider Agreement ("the Agreement") between AMN and
NMC's affiliate, Tenet Business Services Corporation.   NMC admits that Plaintiff's
assignment was from February 2021 to March 30, 2021.   NMC admits that Plaintiff
is African American.**

5.2   Plaintiff was hired through a staffing agency called American Mobile Health Care (AMN)
and assigned to work at NMC. Mark Burgess, the NMC ICU Director was Plaintiff's direct
supervisor. If Plaintiff had an issue with her job functions or incidents that took place at
NMC, she would inform both Mr. Burgess and the AMN representative(s).

**RESPONSE:   NMC admits that Plaintiff was assigned to work at NMC as a
Registered Nurse by her employer, AMN.   NMC admits that Mark Burgess is the
Director of the Intensive Care Unit at NMC.   NMC is without sufficient information
or knowledge to admit or deny Plaintiff's allegations as to whom she brought issues
while assigned to NMC, and therefore, NMC denies this allegation.   Defendant denies
all remaining allegations in Paragraph 5.2 of the Complaint.**

5.3   Plaintiff would also discuss scheduling and job functions with NMC and discuss issues
regarding pay with AMN. Both AMN and NMC were involved in the terms and conditions
of Plaintiff's employment.

**RESPONSE**:  **NMC is without sufficient information or knowledge to admit or deny Plaintiff's allegations as to whom she brought issues while assigned to NMC, and therefore, NMC denies this allegation. Defendant denies the remaining allegations in Paragraph 5.3 of the Complaint.**

5.4     On March 27, 2021, a co-worker of Plaintiff, Patricia Caraway (African American), was at work at NMC and began feeling very ill. She stated that she would need to go the emergency room and that she routinely had difficulty getting an IV started when visiting the emergency room. She stated that for this reason, her ER visits were unpleasant, as she did not like having to be stuck multiple times with a needle to get an IV started. Plaintiff volunteered to start a saline lock for Ms. Caraway because of her experience as an infusion nurse. Plaintiff assured Ms. Caraway that she could get the saline lock going on one try, which she did. Ms. Caraway then proceeded to the Emergency Room.

**RESPONSE**: **NMC admits that its former employee, Patricia Caraway, who is African American, reported feeling ill while at work at NMC on March 27, 2021, to openly discussing the difficulty she previously experienced with nurses seeking to place an IV catheter in her arm, and to Plaintiff volunteering to place an IV catheter in Ms. Caraway's arm, which Plaintiff did, before Ms. Caraway reported to the ICU for further evaluation. NMC is without sufficient information or knowledge to admit any other allegations beyond those admitted to by Ms. Caraway in her written statement, and therefore, denies the same.  Defendant denies all remaining allegations not specifically admitted.**

5.5     NMC erroneously reported to AMN that Plaintiff had given unauthorized medication through an IV, referring to the incident where she assisted Ms. Caraway with the saline

lock on March 27, 2021. This was completely false. Plaintiff never administered any medication to Ms. Caraway. Plaintiff would never have jeopardized her employment or her nursing license in that way.

**RESPONSE**: **NMC admits that it notified AMN on March 30, 2021, that Plaintiff had run an IV catheter in Ms. Caraway's arm without a physician's order for the equipment or procedure, which was outside of the scope of her nursing practice under the Texas Nursing Practice Act.  NMC is without sufficient information or knowledge to admit or deny the last allegation of Paragraph 5.5 of the Complaint, and therefore, denies the same.  NMC denies all remaining allegations in Paragraph 5.5 of the Complaint.**

5.6     On March 30, 2021, Plaintiff was called by Annie Elliston, the Clinical Manager for AMN and told that NMC provided such erroneous information to them in an email, and for that reason, her employment was being terminated. Ms. Elliston read the statement that NMC provided to them which falsely stated Plaintiff administered medication through an IV inappropriately/without authorization.

**RESPONSE**: **NMC is without information or knowledge sufficient to admit or deny the allegations in Paragraph 5.6 of the Complaint and therefore, denies the same.**

5.7     Plaintiff is aware of another Caucasian nurse, Whitney Warrick, that got a saline lock started on her, and received unauthorized IV fluids through her IV. Ms. Warrick was not terminated. Another Caucasian, twenty-one (21) year old tech, David Stephens, drew labs from a patient's PICC line. Only a registered Nurse is supposed to draw labs from a patient's PICC line. This incident was reported to hospital administration on more than one occasion. Mr. Stephens was not terminated.

**RESPONSE**: **NMC admits that Whitney Warrick, who identified as Caucasian, previously worked at NMC as a Registered Nurse, that a similar complaint was made concerning Ms. Warrick and it was investigated, and that the allegation could not be substantiated.   NMC admits that David Stephens, who identified as Caucasian, previously worked at NMC as a Patient Care Technician ("PCT"), that a complaint was made that he drew blood from a patient's PICC line and it was investigated, and that the allegation could not be substantiated.  NMC admits that it would have been outside the scope of Mr. Stephen's practice as a PCT to draw blood from a patient's PICC line.  NMC denies all remaining allegations in Paragraph 5.7 of the Complaint.**

5.8     During Plaintiff's tenure at NMC, Plaintiff did not have any disciplinary actions taken against her nor did she receive any negative counseling or performance reviews.

**RESPONSE**: **NMC denies that Plaintiff would have received the benefit of any counseling, discipline, or performance reviews as she was not an employee of NMC, but rather, an employee of AMN assigned to work at NMC.   NMC denies all allegations not specifically admitted.**

5.9     NMC has a progressive disciplinary policy. This policy was not implemented in Plaintiff's case and instead she was just terminated.

**RESPONSE**:  **NMC admits that it maintains a progressive disciplinary policy that provides for immediate termination of employment for certain conduct-related issues. NMC denies that Plaintiff would have received the benefit of progressive discipline as she was not an employee of NMC, but rather, an employee of AMN assigned to work at NMC.  NMC denies all allegations not specifically admitted.**

5.10    The erroneous report NMC made to AMN and to the Texas Board of Nursing caused

Plaintiff to lose her job and suffer damages as a result of the loss of income. She also could have lost her nursing license or faced serious discipline (up to and including suspension of her license) if the Texas Board of Nursing (TBON) had not investigated NMC's false claim and found that no discipline was warranted.

**RESPONSE:   NMC is without information or knowledge sufficient to admit or deny Plaintiff's allegation regarding the loss of her job with AMN, and therefore, denies the same.  NMC is without information or knowledge sufficient to admit or deny Plaintiff's allegation concerning the nature or scope of the investigation done by the Texas Board of Nursing or its findings, and therefore, denies the same.  NMC admits that that Texas Board of Nursing has the authority to discipline nurses, suspend their licenses, and revoke their licenses.  NMC denies the remaining allegations in Paragraph 5.10 of the Complaint.**

5.11   Despite NMC's attempt to interfere with Plaintiff's livelihood by making the erroneous report to the TBON, she was not disciplined by the TBON after its investigation. However, she suffered serious emotional distress because of this ordeal (in addition to economic damages).

**RESPONSE:   NMC is without information or knowledge sufficient to admit or deny Plaintiff's allegation concerning the nature or scope of the investigation done by the Texas Board of Nursing or its findings, and therefore, denies the same.  NMC denies the remaining allegations in Paragraph 5.11 of the Complaint.**

## 6.   CONDITIONS PRECEDENT

6.1   All conditions precedent to jurisdiction have occurred or been complied with.

**RESPONSE**: **The allegation in Paragraph 6.1 is a conclusion of law to which no response is required.  To the extent a response is required, NMC denies this allegation.**

6.2     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

**RESPONSE**: **NMC admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 24, 2021.  NMC denies all remaining allegations in Paragraph 6.2 of the Complaint.**

6.3     This lawsuit was filed within ninety (90) days of Plaintiff receiving her Notice of Right to Sue from the EEOC.

**RESPONSE**: **NMC is without information or knowledge sufficient to admit or deny when Plaintiff received her Notice of Right to Sue from the EEOC and therefore, denies the same.**

## 7.  CAUSES OF ACTION

### *[Alleged] Race Discrimination*
*(Title VII, Section 1981 and the TCHRA/Texas Labor Code)*

7.1     Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

**RESPONSE**: **NMC incorporates by reference each of its responses to Plaintiff's allegations as set forth above as if fully set forth herein.**

7.2     Plaintiff is a member of a protected class under Title VII based on her race (African American).

**RESPONSE**: **The allegation in Paragraph 7.2 is a conclusion of law to which no response is required.  To the extent a response is required, NMC admits the allegation.**

7.3     Plaintiff suffered adverse employment actions when her employment was terminated and when an erroneous report of misconduct was made to AMN and to the TBON by NMC.

**RESPONSE:  NMC denies the allegation in Paragraph 7.3 of the Complaint.**

7.4     Plaintiff was replaced by someone outside her protected class and/or was treated less favorably than similarly situated employees outside of her protected class.

**RESPONSE:  NMC denies the allegation in Paragraph 7.4 of the Complaint.**

7.5     Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII and the TCHRA in discriminating against her.

**RESPONSE:  NMC denies the allegation in Paragraph 7.5 of the Complaint.**

### *[Alleged] Retaliation*
### *(Title VII and the TCHRA/Texas Labor Code)*

7.6     Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

**RESPONSE:  NMC incorporates by reference each of its responses to the allegations set forth above as if fully set forth herein.**

7.7     Plaintiff engaged in protected activity when she made internal complaints to Defendant about race discrimination and no remedial or corrective action was taken.

**RESPONSE:  NMC denies the allegation in Paragraph 7.7 of the Complaint.**

7.8     Plaintiff was terminated after engaging in protected activity.

**RESPONSE:  NMC denies the allegation in Paragraph 7.8 of the Complaint.**

7.9     Plaintiff suffered an adverse action causally related to her engaging in protected activity when her employment was terminated.

**RESPONSE:  NMC denies the allegation in Paragraph 7.9 of the Complaint.**

7.10    Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII and the TCHRA in wrongfully and discriminatorily terminating her employment.

**RESPONSE**:  **NMC denies the allegation in Paragraph 7.10 of the Complaint.**

*[Alleged] Tortious Interference with Employment*

7.11    Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

**RESPONSE**:  **NMC incorporates by reference each of its responses to the allegations set forth above as if fully set forth herein.**

7.12    There was existing contracts between Plaintiff and AMN as well as Plaintiff and the Board of Nursing, subject to interference.

**RESPONSE**:  **NMC is without information or knowledge sufficient to admit or deny the allegation in Paragraph 7.12 of the Complaint, and therefore, NMC denies the same.**

7.13    There was a willful and intentional act of interference with such contracts.

**RESPONSE: NMC denies the allegation in Paragraph 7.13 of the Complaint.**

7.14    Such interference proximately caused the Plaintiff's injury; and

**RESPONSE**:  **NMC denies the allegation in Paragraph 7.14 of the Complaint.**

7.15    Such interference caused actual damages and loss.

**RESPONSE**: **NMC denies the allegation in Paragraph 7.15 of the Complaint.**

### 8.   [PLAINTIFF'S] PRAYER

8.1    WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

8.1.1    Award Plaintiff actual damages;

8.1.2    Order Defendant to pay Plaintiff back pay and front pay and benefits;

8.1.3    Award Plaintiff compensatory damages for mental anguish;

8.1.4    Award Plaintiff punitive damages to be determined by the trier of fact;

8.1.5    Grant Plaintiff pre-judgment and post-judgment interest;

8.1.6    Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

8.1.7    Order and grant such other relief as is proper and just.

**RESPONSE**: **NMC denies the relief sought by Plaintiff by way of her Prayer Paragraph, including all subparts.**

## AFFIRMATIVE AND OTHER DEFENSES

NMC asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to NMC and are Plaintiff's burden to prove.

1.    As is set forth in Defendant's Rule 12(b)(6) Motion to Dismiss, being filed concurrently herewith, Plaintiff fails to state a claim for relief that is plausible on its face.

2.    Plaintiff's Title VII claims are barred because NMC never employed or jointly employed Plaintiff, and an employment relationship is an essential predicate to Title VII claims.

2.    Plaintiff's Title VII claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies to the extent it exceeds the scope or is inconsistent with the Charge of Discrimination Plaintiff filed with the EEOC.

3.    Plaintiff's Title VII claims are barred, in whole or in part, by the applicable statute of limitations to the extent that it was not presented to the EEOC in a timely fashion and to the extent that it did not occur within the time frames prescribed by law.

4.    Plaintiff's Section 1981 claims are barred as there was no contractual relationship

between Plaintiff and NMC.

5.     Plaintiff fails to state a cognizable claim for tortious interference as Plaintiff's at-will employment relationship with AMN was incapable of being interfered with.  *See El Paso Healthcare Sys. v. Murphy*, 518 S.W.3d 412 (Tex. 2017).

6.     NMC pleads the affirmative defense of justification in that it exercised its own legal right pursuant to the Managed Service Provider Agreement with Plaintiff's employer, AMN Healthcare, Inc. ("AMN"), to request Plaintiff's removal from the hospital.

7.     NMC pleads the affirmative defense of privilege as it relates to its reporting of Plaintiff's conduct to the Texas Board of Nursing.

8.     To the extent NMC is found to be an employer or joint employer, which NMC denies, all employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-pretextual business reasons unrelated to Plaintiff's race or alleged protected activity.

9.     To the extent NMC is found to be an employer or joint employer, which NMC denies, Plaintiff's claims are barred, in whole or in part, because NMC would have taken the same action in the absence of any alleged impermissible motivating factor(s).

10.     To the extent NMC is found to be an employer or joint employer, which NMC denies, NMC exercised reasonable care to prevent discrimination or harassment based on race and correct promptly any discriminatory or harassing behavior (including having in place a clear and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Plaintiff unreasonably failed to take advantage of these preventive or corrective opportunities provided by NMC or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher*

*v. City of Boca Raton*, 524 U.S. 775 (1998).

11.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by NMC, and pending discovery, Plaintiff's damages, if any, are barred in whole or in part by the doctrine of after-acquired evidence.

12.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by NMC, and pending discovery, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

13.     Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including 42 U.S.C. § 1981a(b).

14.     Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of NMC, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

15.     Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

16.     To the extent NMC is found to be an employer or joint employer, which NMC denies, NMC cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

17.     If any improper, illegal, or discriminatory actions were taken by any of NMC's employees against Plaintiff (which NMC denies), they were outside the course and scope of that employee's employment, contrary to NMC's policies, and were not ratified, confirmed, or

approved by NMC. Thus, any such actions cannot be attributed or imputed to NMC.

18.     Plaintiff's damage claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

NMC specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Tiffany Cox Stacy*
Tiffany Cox Stacy
Texas Bar No. 24050734
tiffany.cox@ogletree.com
112 E. Pecan Street, Suite 2700
San Antonio, Texas 78205
Telephone: 210.354.1300
Fax: 210.277.2702

Brooke Jones
State Bar No. 24107537
brooke.jones@ogletreedeakins.com
One Allen Center
500 Dallas, Suite 3000
Houston, Texas 77002
Telephone: 713.655.5759
Fax: 713.655.0020

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy of same will be sent to the following:

Tracey D. Lewis
Jacques P. Leeds
Leeds Law Firm, PLLC
700 Milam Street, Ste. 1300
Houston, Texas 77002
tracey@jleedslawfirm.com
jacques@jleedslawfirm.com

/s/ *Tiffany Cox Stacy*
Tiffany Cox Stacy

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES**                                                                              **16**