IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
*LUFKIN DIVISION*

| | |
|---|---|
| **LACHANDA BROWN,** § | |
| Plaintiff, § | CA No. 9:23-cv-00014-MJT |
| § | JUDGE MICHAEL J. TRUNCALE |
| v. § | |
| § | |
| **TH HEALTHCARE, LTD** § | JURY DEMANDED |
| **d/b/a NACOGDOCHES MEDICAL** § | |
| **CENTER,** § | |
| Defendant. § | |
| § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, liquidated and actual/economic damages; and costs and attorney's fees for the claims suffered by Plaintiff, LACHANDA BROWN ("Plaintiff"), due to TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER (referred to herein as "Defendant" or "NMC") taking adverse employment action against her ultimately resulting in the wrongful termination of her employment as explained herein.

1.2 This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), the TCHRA, Section 21 of the Texas Labor Code, as amended, Section 1981, and Texas common law (tortious interference claims).

### 2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

2.2. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP.

2.3. Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1).

2.4. Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because at all times relevant to this cause of action, Defendant resides in this judicial district, maintaining its principal place of business.

## 4. PARTIES

4.1. Plaintiff is a former employee of Defendant and resides in Greenville, Mississippi. During the relevant time period, Plaintiff worked for Defendant in Nacogdoches, Texas.

4.2. Defendant TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant TH HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER is a corporation incorporated under the laws of the State of Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## 5. STATEMENT OF FACTS

5.1 Plaintiff (African American) worked for NMC as a Registered Nurse (RN). Plaintiff worked at NMC from February 2021 to March 30, 2021.

5.2 Plaintiff was hired through a staffing agency called American Mobile Health Care (AMN Services, LLC d/b/a NurseChoice) (hereinafter referred to as "AMN") and assigned to work at NMC. Plaintiff entered into a contract with AMN on January 14, 2021, which

       included the following specifications: (1) the duration of her placement was February 1, 2021 to May, 1, 2021, (2) that Plaintiff would be placed at, "Tenet – Nacogdoches Medical Center" as a Registered Nurse, and (3) that her minimum required hours were forty-eight (48) hours per week (in addition to other agreed upon terms) (the "AMN Contract") . The AMN Contract also included how much Plaintiff would be paid for her work during the duration of the contract. The contract was fully executed by Plaintiff and an AMN representative.

5.3    During the relevant time period, Plaintiff held a license to practice nursing from the Mississippi Board of Nursing. Under the Nurse Licensure Compact, Plaintiff was allowed to possess a multi-state license with privileges to practice in her home state of Mississippi and other compact states without applying for and obtaining an additional license/licenses. By agreeing to the Mississippi Board of Nursing Terms and the Uniform Licensure Requirements, Plaintiff was able to work in Texas at NMC as a Registered Nurse (the "BON Agreements"). According to the BON Agreements' terms, Plaintiff could not have been denied licensure/certification, and could not have disciplinary action taken against her or be pending against her by the board of nursing, regulatory agency or certifying organization of any state or jurisdiction.

5.4    Mark Burgess, the NMC ICU Director was Plaintiff's direct supervisor. If Plaintiff had an issue with her job functions or incidents that took place at NMC, she would inform both Mr. Burgess and the AMN representative(s).

5.5    Plaintiff would also discuss scheduling and job functions with NMC and discuss issues regarding pay with AMN. Both AMN and NMC were involved in the terms and conditions of Plaintiff's employment.

5.6   On March 27, 2021, a co-worker of Plaintiff, Patricia Caraway (African American), was at work at NMC and began feeling very ill. She stated that she would need to go the emergency room and that she routinely had difficulty getting an IV started when visiting the emergency room. She stated that for this reason, her ER visits were unpleasant, as she did not like having to be stuck multiple times with a needle to get an IV started. Plaintiff volunteered to start a saline lock for Ms. Caraway because of her experience as an infusion nurse. Plaintiff assured Ms. Caraway that she could get the saline lock going on one try; which she did. Ms. Caraway then proceeded to the Emergency Room.

5.7   NMC erroneously reported to AMN that Plaintiff had given unauthorized medication through an IV, referring to the incident where she assisted Ms. Caraway with the saline lock on March 27, 2021. This was completely false. Plaintiff never administered any medication to Ms. Caraway. Plaintiff would never have jeopardized her employment or her nursing license in that way.

5.8   On March 30, 2021, Plaintiff was called by Annie Elliston, the Clinical Manager for AMN and told that NMC provided such erroneous information to them in an email, and for that reason, her employment was being terminated. Ms. Elliston read the statement that NMC provided to them which falsely stated Plaintiff administered medication through an IV inappropriately/without authorization.

5.9   Plaintiff is aware of another Caucasian nurse, Whitney Warrick, that got a saline lock started on her, and received unauthorized IV fluids through her IV. Ms. Warrick was not terminated. Another Caucasian, twenty-one (21) year old tech, David Stephens, drew labs from a patient's PICC line. Only a registered Nurse is supposed to draw labs from a

        patient's PICC line. This incident was reported to hospital administration on more than one occasion. Mr. Stephens was not terminated.

5.10    During Plaintiff's tenure at NMC, Plaintiff did not have any disciplinary actions taken against her nor did she receive any negative counseling or performance reviews.

5.11    NMC has a progressive disciplinary policy.  This policy was not implemented in Plaintiff's case and instead she was just terminated.

5.12    The erroneous report NMC made to AMN and to the Texas Board of Nursing caused Plaintiff to lose her job, undergo investigation by the Texas Board of Nursing, and suffer damages as a result of the loss of income (and the cost to defend herself against the bogus assertions made by NMC to the BON).  She also could have lost her nursing license or faced serious discipline (up to and including suspension of her license) if the Texas Board of Nursing (TBON) had not investigated NMC's false claim and found that no discipline was warranted.

5.13    Despite NMC's attempt to interfere with Plaintiff's livelihood, her business relations with the TBON and Mississippi Board of Nursing, by making the erroneous report to the TBON, she was not disciplined by the TBON after its investigation.  However, she suffered actual damages in being terminated and losing her income and serious emotional distress because of this ordeal.

5.14    NMC interfered with Plaintiff's AMN Contract, which was ended prematurely because of its actions (the AMN contract stated Plaintiff would be working at NMC as a RN until at least, May 1, 2021 and the contract was terminated as of March 30, 2021 because of NMC's actions).  In the very least, Plaintiff lost income she would have earned if her AMN contract was not terminated.

5.15   NMC interfered with the BON Agreements by reporting false information to the TBON which it reasonably knew could result in the suspension or revocation of Plaintiff's license and/or her ability to work as a RN in Mississippi and other states under the Nurse Licensure Compact.

## 6.   CONDITIONS PRECEDENT

6.1   All conditions precedent to jurisdiction have occurred or been complied with.

6.2   Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.3   This lawsuit was filed within ninety (90) days of Plaintiff receiving her Notice of Right to Sue from the EEOC.

## 7.   CAUSES OF ACTION

### *Race Discrimination*
### *(Title VII, Section 1981 and the TCHRA/Texas Labor Code)*

7.1   Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

7.2   Plaintiff is a member of a protected class under Title VII, Section 1981 and the TCHRA, based on her race (African American).

7.3   Plaintiff suffered adverse employment actions when her employment was terminated and when an erroneous report of misconduct was made to AMN and to the TBON by NMC.

7.4   Plaintiff was replaced by someone outside her protected class and/or was treated less favorably than similarly situated employees outside of her protected class.

7.5   Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII, Section 1981, and the TCHRA in discriminating against her.

*Tortious Interference with Contracts*
*&*
*Tortious Interference with Business Relations/Continuing Business Relationship*

7.6   Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein;

7.7   There were existing contracts between Plaintiff and AMN as well as Plaintiff and the Board of Nursing, subject to interference;

7.8   Defendant, without a privilege to do so, induced or otherwise purposely caused AMN not to continue business relations with Plaintiff.

7.9   Defendant willfully and intentionally took actions to interfere with such contracts and business relations;

7.10  Defendant willfully and intentionally interfered with Plaintiff's business relations with the Mississippi Board of Nursing, the Texas Board of Nursing, and AMN, without cause or excuse, which caused Plaintiff injury.

7.11  Defendant's interference proximately caused the Plaintiff's injury; and

7.12  Defendant's interference caused actual damages and loss.

## 8.   PRAYER

8.1   WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

   8.1.1   Award Plaintiff actual damages;

   8.1.2   Order Defendant to pay Plaintiff back pay and front pay and benefits;

   8.1.3   Award Plaintiff compensatory damages for mental anguish;

   8.1.4   Award Plaintiff punitive damages to be determined by the trier of fact;

   8.1.5   Grant Plaintiff pre-judgment and post-judgment interest;

   8.1.6   Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

    8.1.7    Order and grant such other relief as is proper and just.

                          Respectfully Submitted,

                          */s/ Tracey D. Lewis*
                          Tracey D. Lewis
                          State Bar No. 24090230
                          Jacques P. Leeds
                          State Bar No. 24092678
                          **LEEDS LAW FIRM, PLLC**
                          700 Milam Street, Suite 1300
                          Houston, TX 77002
                          Telephone: 713-492-2906
                          Facsimile: 832-787-1020
                          jacques@jleedslawfirm.com
                          tracey@jleedslawfirm.com
                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                          */s/ Tracey D. Lewis*
                          Tracey D. Lewis